UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HDP SELLERS REPRESENTATIVE, LLC

                                         CIVIL ACTION

VERSUS

                                         NUMBER 14-491-BAJ-SCR

OCEANS ACQUISITION, INC.


**<u>ORDER TO AMEND COMPLAINT</u>**

Plaintiff filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged that it is "a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is a citizen of every state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly

---

[1] Record document number 1, Complaint, ¶ 3.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110

(continued...)

allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. Plaintiff failed to identify its members and properly allege each member's citizenship.

Therefore;

IT IS ORDERED that plaintiff shall have ten days to file an amended complaint which properly alleges its citizenship.

**Failure to comply with this order may result in the plaintiff's Complaint being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, August 7, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).