# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HDP SELLERS REPRESENTATIVE, LLC                  CIVIL ACTION

VERSUS

                                         14-491-SDD-EWD

OCEANS ACQUISITION, INC.

## RULING

Before the Court is Defendant Oceans Acquisition, Inc.'s *Motion to Dismiss HDP Sellers Representative, LLC's Third Amended Complaint.*[1]  The *Motion* is opposed.[2]  For the following reasons, Oceans Acquisition, Inc.'s *Motion* shall be GRANTED.[3]

## I.       BRIEF FACTUAL AND PROCEDURAL OVERVIEW[4]

The Plaintiff in this case, HDP Sellers Representative, LLC ("HDP"), seeks payment on a promissory note that is not yet due.  On December 27, 2012, HDP loaned $3,780,102 to Oceans Acquisition, Inc. ("Oceans"), a Delaware Corporation, as memorialized in a Subordinated Promissory Note ("Note").  The Note was executed pursuant to an Agreement and Plan of Merger ("Merger") dated November 30, 2012.  In connection with the Merger, Oceans obtained principal financing from MCG Capital Corporation ("MCG") through a Senior Credit Agreement, and secondary financing from HDP through the Note.  The Note provides that payment of the principal and accrued and unpaid interest shall be due on the Maturity Date of June 27, 2018.[5]  While the Note

---

[1] Rec. Doc. 55.
[2] Rec. Doc. 63.
[3] The Court also considered Oceans' *Reply* brief.  Rec. Doc. 65.
[4] The Court has jurisdiction over the case on diversity of jurisdiction grounds.
[5] Rec. Doc. 50, p. 3, ¶7.

allows Oceans to make payments at any time, the only required payment is the one lump-sum payment due on the Maturity Date.  HDP alleges that "simultaneously with the Note" it entered into a Subordination Agreement with MCG, whereby HDP agreed that its indebtedness under the Note would be subordinated only to MCG's loan under MCG's Senior Credit Facility Agreement.[6]  The Note also set forth specific terms under which Oceans would be deemed in default and trigger acceleration of the amount due.

HDP now claims that Oceans has engaged in certain activities that trigger the acceleration clause of the Note, or amount to a breach of contract.  HDP contends that, beginning in the financial quarter ending on December 31, 2013, Oceans permitted the ratio of Indebtedness to Adjusted EBITDA to be greater than 5.50:1 in violation of the terms of the Note.[7]  In order to obtain working capital, HDP alleges that in June of 2014, Oceans issued a Secured Subordinated Convertible Promissory Note to Oceans Investments, Inc. ("Oceans Investment Note") for a principal amount of $1.5 million dollars, which was subsequently amended in August of 2014, to provide an additional $1 million dollars in funding.[8]  HDP further claims that, on September 29, 2014, Oceans entered into an Amended and Restated Senior Credit Facility Agreement with Elm Park Capital Management ("Elm Park"), an independent third party lender that had agreed to buy all of MCG's rights and obligations under the Senior Credit Agreement related loan documents—which refinanced the Senior Credit Agreement by amending and restated various terms and conditions, including the interest rate and repayment schedule.[9]  HDP claims that it was not asked to, and it did not, enter into a Subordination Agreement with

---

[6] Rec. Doc. 50, p. 3, ¶8.
[7] Rec. Doc. 50, p. 5, ¶13.
[8] Rec. Doc. 50, p. 5, ¶12.
[9] Rec. Doc. 50, p. 6, ¶14.

Elm Park.[10]  According to HDP, the Oceans Investment Note is now subordinate to the Amended and Restated Senior Credit Facility Agreement between Oceans and Elm Park.[11]

HDP further alleges that the Oceans Investment Note was amended again to reflect an additional $2 million in funding to be provided to Oceans entities.[12]  Then, in February of 2015, HDP contends that Oceans secured $1 million in additional financing through two Secured Subordinated Convertible Promissory Notes.[13]  According to HDP, these notes are also subordinate to the Amended and Restated Senior Credit Facility Agreement.[14]

During the pendency of this litigation, HDP has amended its *Complaint* three times in order to assert three claims: (1) an acceleration claim; (2) a claim for declaratory relief; and (3) a breach of contract claim.[15]  In response, Oceans has filed a Rule 12(b)(6) motion seeking the dismissal of each of HDP's claims.

## II.    RULE 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16]  The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[17]  "To

---

[10] Rec. Doc. 50, p. 6, ¶15.

[11] Rec. Doc. 50, p. 5, ¶12.

[12] Rec. Doc. 50, p. 7, ¶17. This allegedly occurred also on September 29, 2014.

[13] Rec. Doc. 50, p. 7, ¶17.

[14] Rec. Doc. 50, p. 7, ¶17.

[15] HDP filed its original *Complaint* on August 7, 2014 (Rec. Doc. 1).  The *Complaint* was subsequently amended three times.  Rec. Docs. 4, 28, and 50.

[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18]   In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[19]   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]   A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21]   However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]   In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[23]   "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[24]   On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[25]

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[19] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).

[20] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).

[22] *Id.* (citing *Twombly*, 550 U.S. at 556).

[23] *Id.*

[24] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

[25] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   ANALYSIS

Oceans seeks dismissal of each of HDP's three claims, arguing that (1) acceleration is not a cause of action, (2) HDP has failed to allege an actual controversy, and (3) HDP has failed to allege an injury.  The Court shall address each of these claims in turn.

### A.   Acceleration of the Note

HDP seeks acceleration of the payment of the Note because the "sale of the Senior Credit Facility Agreement and restructuring of its terms, conditions, and provisions through the Amended and Restated Senior Credit Facility Agreement constituted a refinancing of the Senior Credit Facility Agreement."[26]  Under the express terms of the Note, "[i]n the event of a … refinancing of all of the outstanding indebtedness under the Senior Credit Agreement (other than in connection with a Sale of the Company) with an independent third party lender or a group of independent third party lenders (not including the Senior Agent, any Senior Lender, or any of their respective Affiliates acting as a lender or agent thereto), all of the indebtedness under this Note shall be paid in full."[27]  In its *Third Amended Complaint*, HDP alleges that Elm Park purchased MCG's interest in the Senior Credit Agreement and, on that same day, Elm Park and Oceans entered into an Amended and Restated Senior Credit Facility Agreement.  HDP further alleges that after reviewing the Elm Park and Oceans loan documents, "the Amended and Restated Senior Credit Facility Agreement refinanced the Senior Credit Agreement by amending and restating its terms, conditions, and provisions, including changing the interest rate and

---

[26] Rec. Doc. 50, p. 7, ¶19.
[27] Rec. Doc. 50-1, p. 3.

repayment schedule."[28]   Although this allegation suggests that, due to Oceans' refinancing with Elm Park, HDP should be entitled to payment of all indebtedness under the Note, the Court is not convinced that, pursuant to the terms of the Note, such refinancing triggers the relief it seeks.

Pursuant to the express terms of the Note, Oceans and HDP agreed that, "[u]pon the occurrence and continuance of any Event of Default, … subject to the Subordination Agreement, [HDP] may declare all liabilities and obligations of [Oceans] under this Note immediately due and payable and the same shall thereupon become immediately due and payable without any further action on the part of [HDP]."[29]   Only two events, however, constitute "Events of Default": (1) Oceans' "failure to pay any amount of the principal or interest due on [the] Note within five (5) days after written notice to [Oceans] that such amount is past due"; and (2) "[t]he dissolution, voluntary or involuntary bankruptcy, termination of existence, insolvency or appointment of a receiver of any part of the property of [Oceans] or any of the obligations of [Oceans] and, in the case of an involuntary proceeding filed against [Oceans], such proceeding is not discharged or dismissed within ninety (90) days."[30]   These are the only two circumstances which trigger acceleration under the terms of the Note. Therefore, HDP's claim that it is entitled to acceleration of payment due to Oceans' alleged refinancing must fail under the express terms of the Note.

---

[28] Rec. Doc. 50, p. 6, ¶16.
[29] Rec. Doc. 50-1, p. 3.
[30] Rec. Doc. 50-1, p. 2.

## B.    Declaratory Relief

HDP requests that the Court issue a declaratory judgment "that its Note is not subordinated to any other debts of Oceans Acquisition and ranks in priority ahead of the Amended and Restated Senior Credit Facility Agreement between Oceans Acquisition and Elm Park."[31]  Oceans seeks dismissal of HDP's claim for failure to allege an actual controversy and because it seeks a declaration concerning the rights of a non-party.

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, provides:

> In a case of actual controversy within its jurisdiction …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[32]

The Fifth Circuit has established a three step inquiry that a court must engage in when evaluating whether it should decide or dismiss a declaratory judgment action.[33]  "A federal district court must determine (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[34]   Oceans contends that HDP's claim must fail because the threshold factor cannot be satisfied.

"A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."[35]   A declaratory action is ripe for adjudication

---

[31] Rec. Doc. 50, pp. 8-9, ¶¶22-23.
[32] 28 U.S.C. § 2201(a).
[33] *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)(hereinafter *Orix*).
[34] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).
[35] *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).

if an actual controversy exists between the parties to the action.[36]  "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."[37]  "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis."[38]  The party suing for declaratory relief bears the burden to allege facts showing the existence of an actual controversy between the parties.

HDP argues that the factual allegations show an actual controversy exists. According to HDP, MCG's Senior Credit Facility Agreement was satisfied after it was purchased by Elm Park.  As a result, HDP's Note was no longer subordinated.  Moreover, HDP did not agree to have its Note subordinated to the Elm Park-Ocean's Amended and Restated Senior Credit Facility Agreement.  From these facts, HDP argues that an actual controversy exists regarding its ranking in relation to Elm Park per the Amended and Restated Senior Credit Facility Agreement.  The Court finds otherwise.

Initially, the Court observes the blatant fact that Elm Park, the non-party creditor, is not a party to the instant litigation, in spite of the three amendments to the *Complaint*. By resolving the issue on declaratory judgment, the Court would, in effect, be declaring HDP's ranking rights against those of a non-party.  Hence, the declaratory action is not ripe for adjudication because it will not resolve an actual controversy between the parties to the action having adverse legal interests.

Even more importantly, however, is the Court's finding that the declaratory judgment sought by HDP would not resolve an actual controversy.  The controversy at

---

[36] *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 818 (M.D.La. 2014)(citing *Orix*).
[37] *Orix*, 212 F.3d at 896.
[38] *Id.*

issue is at best described as hypothetical and conditional as it will only come to fruition if certain events unfold.   Specifically, HDP would have to prevail against Oceans on its breach of contract claim and obtain a judgment, and then HDP would have to attempt and fail to collect upon that judgment due to a subordination agreement that requires Oceans to pay a senior lender first.   As none of these allegations have been made thus far, such a "dispute" is, at this point, purely hypothetical and conjectural.   Moreover, HDP's attempt to rely upon Oceans' arguments within a Joint Status Report and memorandum opposing settlement to show that it has alleged the existence of an actual controversy is inappropriate on a Rule 12(b)(6) motion.   As previously discussed, on a Rule 12(b)(6) motion the Court may only consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[39]   Therefore, the Court finds that HDP's request for a declaratory judgment must be dismissed.

### C.   Breach of Contract

In the alternative, HDP argues that it is entitled to a judgment for the principal amount of the Note, plus legal interest, because Oceans has materially breached the terms of the Note.   In response, Oceans argues that HDP's claim must be dismissed for failure to state a claim.   Pursuant to the Note, the Parties agreed that the provisions of the Note would be construed pursuant to the laws of Delaware.   Therefore, the substantive law that applies is the law of Delaware.    Even so, the procedural

---

[39] *See Supra* note 17.

requirements for asserting a valid claim for purposes of Rule 12 under the Federal Rules of Civil Procedure are still applicable.[40]

In order to state a claim for breach of contract under Delaware law, a plaintiff must plead facts that show (1) the existence of a contract; (2) breach of an obligation imposed by the contract; and (3) the resultant damage to the plaintiff.[41]  Notably, damages "must be actual and cannot be 'merely speculative or conjectural.'"[42]  "[S]peculative harm is not sufficient to state a claim for breach of contract."[43]  Oceans contends that HDP's claim must be dismissed for failure to allege any damages.[44]  The Court agrees.

HDP points to the following allegation in its *Third Amended Complaint* to show that it has, in fact, alleged injury or damages:  "Oceans … having executed promissory notes senior to the Note has endangered, marginalized, and diminished HDP's position of being the only secondary indebtedness owed by Oceans … behind the Senior Credit Agreement."[45]  In its memorandum, HDP argues that this shift in position caused it harm; however, argument in memorandum does not replace or supplement the allegations in a Complaint.   As alleged, HDP does not satisfy the injury or damages element.  At best, any harm that might occur due to a change in ranking is, at this stage, purely speculative, and may never materialize.  Relying on Delaware law, the Court finds that HDP's breach

---

[40] In its opposition, HDP erroneously asserts that a different pleading standard applies based upon Delaware law.  Rec. Doc. 63, p. 5, subsection C, ¶1.   Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedure law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[41] *Fox v. CDX Holdings, Inc.*, No. 8031-VCL, No. N12C-02-302, 2015 WL 4571398, *22 (July 28, 2015) (quoting *VLIW Tech, LLC v. Hewlett Packard Co.*, 840 A.2d 606, 612 (Del. 2003)).

[42] *Delphi Petroleum v. Magellan Terminals Holdings, L.P.,* 2015 WL 3885947, *12 (June 23, 2015)(quoting *Laskowski v. Wallis*, 205 A.2d 825, 826 (Del. 1964)).

[43] *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 884 (Del Ch. 2009).

[44] Because the Court finds that HDP failed to allege any damages or injury, it need not address whether a material breach occurred.

[45] Rec. Doc. 50, p. 9, ¶28.

of contract claim must be dismissed because speculative harm cannot support such a claim.

## IV.     CONCLUSION

Accordingly, the Court hereby GRANTS Oceans Acquisition, Inc.'s *Motion to Dismiss HDP Sellers Representative, LLC's Third Amendment Complaint.*[46]  HDP Sellers Representative, LLC's claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 14, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. 55.